**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

NATHAN SMITH, JR.                                                                                         PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:13-CV-00059-SA-DAS

LOWNDES COUNTY, MISSISSIPPI                                                                      DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the Court on Plaintiff's Motion for a Non-Suit, Without Prejudice [37]. Plaintiff moves the Court to dismiss this matter without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides:

> Except [upon notice of dismissal by the plaintiff before the opposing party serves either an answer or a motion for summary judgment or upon stipulation of dismissal signed by all parties who have appeared], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2).

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002) (citing Manshack v. Sw. Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990)). The Fifth Circuit has explained that "[t]he primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Id. (internal quotation marks and citation omitted). Further, "[p]lain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." Harris v. Devon Energy Prod. Co., L.P., 500 F. App'x 267, 268 (5th Cir. 2012) (per

curiam) (citing In re FEMA Trailer Formaldahyde Products Liab. Litig., 628 F.3d 157, 162 (5th Cir. 2010)). "If such prejudice would ensue, the court may either refuse to dismiss the case or may craft conditions that will cure the prejudice." In re FEMA, 628 F.3d at 163 (internal quotation marks and citation omitted).

In the case at bar, Plaintiff argues that dismissal without prejudice is proper because two witnesses, whose testimony Plaintiff contends is crucial to proving his case, are currently awaiting trial on criminal charges stemming from the same events that give rise to this civil action. According to Plaintiff, these witnesses have refused to testify in the instant matter and have indicated that they will invoke their Fifth Amendment right against self-incrimination if called.

Defendant opposes Plaintiff's motion and contends that the Court should either deny the motion or dismiss this action with prejudice. Defendant cites Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc., where the Fifth Circuit held that "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." 903 F.2d 352, 360 (5th Cir. 1990) (citations omitted). In Hartford, the Fifth Circuit affirmed the district court's denial of the plaintiff's Rule 41(a)(2) motion where the plaintiff moved to dismiss the action almost ten months after it was removed to federal court and "before that motion was filed, hearings were conducted on various issues, significant discovery was had, [the defendant] had already been granted summary judgment, and a jury trial had been set for the remaining defendants." Id. at 361. Defendant urges that the case at bar is similar to Hartford in that Plaintiff's motion was filed eleven months after the suit was initiated, after a Case Management Order had been entered and a trial date set, and near the discovery deadline.

Plaintiff, on the other hand, argues that the facts of this case are more similar to those in John M. Crawley, L.L.C. v. Trans-Net, Inc., where a Fifth Circuit panel affirmed the district court's grant of the plaintiff's Rule 41(a)(2) motion. 394 F. App'x 76, 77 (5th Cir. 2010). In Crawley, the plaintiff filed its motion seven months after removal to federal court, before any dispositive motions had been filed, and before any depositions had been taken. Id. at 78. Plaintiff argues the facts of the instant action likewise are insufficient to justify denying his motion where no dispositive motions have been filed, no depositions have been taken, and only minimal written discovery conducted.

The Court agrees that Defendant has not exerted such "significant time and effort" as would justify denying Plaintiff's motion. Hartford, 903 F.2d at 360. As another Fifth Circuit panel explained, "plain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense." Harris, 500 F. App'x at 268 (citing Elbaor, 279 F.3d at 317 & n.3). Here, Defendant fails to show that it would be prejudiced in any other way by the granting of Plaintiff's motion.

Accordingly, the Court finds Plaintiff's motion is well taken and shall be GRANTED. This action is dismissed without prejudice, and this case is CLOSED. A separate order to that effect shall issue this day.

SO ORDERED, this the 8th day of April, 2014.

    /s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE